UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0255 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| MILTON CARLTON RUCKER, JR. (1), | |
| Defendant. | |

Laura M. Provinzino, LeeAnn K. Bell, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Vincent F. Waters for defendant.

Defendant Milton Rucker is charged with four crimes: (1) theft of government property; (2) conspiracy to commit bank fraud; (3) aggravated identity theft; and (4) being an armed career criminal in possession of a firearm. This matter is before the Court on Rucker's objections[1] to Magistrate Judge Arthur J. Boylan's November 9, 2011 Report and Recommendation ("R&R"). Judge Boylan recommends denying Rucker's motions to suppress evidence. Based on a de novo review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3), the Court overrules Rucker's objections and denies his motions to suppress.

Most of Rucker's arguments are adequately addressed by Judge Boylan's R&R. (Indeed, Rucker's objection consists almost entirely of long quotations from the R&R.) Rucker makes

---

[1]Rucker has filed an objection both pro se and through counsel. As long as Rucker is represented by counsel, Rucker must speak to the Court through counsel, and the Court will not accept pro se filings from Rucker. *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) ("There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel."). The Court notes, however, that Rucker and Rucker's counsel raise the same objection: that the nighttime execution of the warrants rendered the searches invalid. The Court addresses that argument below.

only one point that is not addressed in the R&R: that the nighttime execution of the warrants rendered the searches invalid.[2]

The warrant applications requested, and the warrants explicitly granted, authorization to conduct nighttime searches. *See* Ex. 1 at 3-4; Ex. 2 at 3-4. Nevertheless, Rucker argues that the nighttime searches were unlawful. Rucker first argues that the nighttime searches violated Minn. Stat. § 626.14. Whether or not the search was valid under state law, however, is irrelevant: "[F]ederal courts do not suppress evidence seized by state officers in conformity with the Fourth Amendment because of state law violations." *United States v. Appelquist*, 145 F.3d 976, 978 (8th Cir. 1998).

Rucker next argues that the nighttime searches violated the Fourth Amendment.[3] The Court rejects this argument. The warrant applications recite facts indicating a strong likelihood that a stolen handgun was inside the residence or the car. *See* Ex. 1 at 2; Ex. 2 at 2. Although the Court has been unable to locate any authority precisely on point, the Court believes that the

---

[2]Judge Boylan understandably did not address this issue because Rucker did not address it in his written briefing. Although it is true, as Rucker argues, that the issue was mentioned during the hearings before Judge Boylan, the parties and Judge Boylan clearly contemplated that the issue would be addressed in the parties' written submissions. (In fact, after being invited to address the issue at the hearing, Rucker's counsel responded that he would prefer to do so in writing. *See* Docket No. 91 at 50-51.) It therefore appears that Rucker has waived this issue. The Court will nevertheless address the issue on the merits.

[3]Rucker does not mention Fed. R. Crim. P. 41(e)(2)(A)(ii), which requires federal officers to "execute the warrant during the daytime, unless the judge for good cause expressly authorizes execution at another time . . . ." It is not clear whether Rule 41 applies here; the record suggests, but does not clearly indicate, that federal officers were involved in executing the search. *See United States v. Maholy*, 1 F.3d 718, 721 n.4 (8th Cir. 1993) (Rule 41 does not apply to searches conducted entirely by state officers pursuant to a state-issued warrant). Even if Rule 41 applies, the Court concludes both that the officers complied with Rule 41 and that any deviation from Rule 41 would not require suppression. *See United States v. Schoenheit*, 856 F.2d 74, 76-77 (8th Cir. 1988).

need to locate the stolen handgun provided an adequate public-safety justification for the nighttime searches.[4]

Rucker faults the warrant applications for failing to state that officers had already conducted a protective sweep of the apartment. That is true, but the applications did state that the suspects were in custody and that the apartment had been secured and locked. *See* Ex. 1 at 2-3; Ex. 2 at 2-3. It is difficult to know why the additional information about the protective sweep would have mattered to the issuing judge, and there is no evidence that officers intentionally or recklessly withheld this information in order to mislead that judge. *Cf. United States v. Mashek*, 606 F.3d 922, 928 (8th Cir. 2010) (recklessness may be inferred where omitted information would have been clearly critical to the finding of probable cause).

Moreover, even if the nighttime execution of the search warrants violated the Fourth Amendment, suppression of the evidence is not warranted unless the defendant was prejudiced or there was a reckless disregard of applicable procedure, neither of which is true in this case. *See United States v. Harris*, 324 F.3d 602, 606 (8th Cir. 2003). Finally, the Court finds that the officers' actions were based on a good-faith belief in the validity of the warrant — which, again, specifically authorized the officers to conduct a nighttime search. Thus, even if the Court is

---

[4]The warrants stated that the nighttime searches were authorized to "prevent the loss, destruction, or removal of the objects of said search." Ex. 1 at 4; Ex. 2 at 4. Thus, the warrants themselves did not explicitly cite the need to protect the public. But the Court finds that this omission was immaterial, given that the application for the warrants was expressly based (at least in part) on the need to protect the public, and given that a nighttime search was expressly authorized by the warrants. *Cf. United States v. Sturgeon*, 501 F.2d 1270, 1274-75 (8th Cir. 1974) (upholding nighttime search despite lack of explicit authorization in the warrant where evidence showed that warrant was issued at night, issuing judge understood that it was going to be executed immediately, and legitimate reasons for a nighttime search were set forth in the affidavits).

incorrect — and the nighttime search was unlawful under the Fourth Amendment — suppression of the evidence is not required. *United States v. Leon*, 468 U.S. 897, 922 (1984).

The Court therefore adopts the R&R and denies Rucker's motion to suppress the evidence obtained during the execution of the search warrants.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court OVERRULES Rucker's objections [Docket Nos. 81, 84] and ADOPTS the November 9, 2011 R&R [Docket No. 76]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Rucker's motion to suppress evidence obtained by search warrants [Docket No. 41] is DENIED.

2. Rucker's motion for suppression of all evidence including statements and physical evidence [Docket No. 46] is DENIED AS MOOT.

Dated: December 21, 2011
s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge